**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HONG T. VO, AKA Hong Thi Vo, | No. 19-72333 |
| Petitioner, | Agency No. A215-818-865 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 9, 2020
Pasadena, California

Before: PAEZ and BADE, Circuit Judges, and ZOUHARY,** District Judge.
Dissent by Judge BADE

Hong Vo, a citizen of Vietnam, petitions for review of a decision of the Board

of Immigration Appeals ("BIA") dismissing her appeal from the order of an

Immigration Judge ("IJ") denying an application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

jurisdiction under 8 U.S.C. § 1252 and grant the petition.

Under the REAL ID Act, we review BIA legal determinations without deference and BIA factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Substantial-evidence review is "highly deferential," meaning a finding will be reversed "only if the evidence compels a contrary conclusion." *Angov v. Lynch*, 788 F.3d 893, 898, 900 (9th Cir. 2015) (internal quotation marks omitted). "Because the BIA conducted its own review and did not adopt the IJ's decision, our review is limited to the BIA's decision." *Bringas-Rodriguez*, 850 F.3d at 1059 (internal quotation marks omitted). However, we may consider the IJ's underlying decision "as a guide to what lay behind the BIA's conclusion[s]." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (citation omitted).

The BIA affirmed the IJ's adverse credibility determination based on three inconsistencies: (1) the date of Vo's second arrest; (2) whether Vo's mother was present at the police station after her initial release; and (3) Vo's failure to disclose, prior to her hearing before the IJ, allegations of sexual assault by Vietnamese police. Substantial evidence does not support these inconsistencies as grounds for an adverse credibility determination.

1.     First, the BIA found Vo's testimony that she left detention and went home with her mother to be inconsistent with her statement to the asylum officer.

During Vo's asylum interview, the following exchange took place:

Q: How were you released?

A: On the morning of the 13th, they interviewed me one more time and then they released me and I have to find my way home by myself.

Reliance on an inconsistency (which may not be inconsistent at all) related to such a peripheral detail ignores the reality that Vo was arrested and released several times within a period of days. *See Ren v. Holder*, 648 F.3d 1079, 1085–86 (9th Cir. 2011) (noting that abuse victims "often confuse the details of particular incidents, including the time or dates of particular assaults and which specific actions occurred on which specific occasion") (citation omitted); *see also Shrestha*, 590 F.3d at 1044 (noting "trivial inconsistencies that under the total circumstances have no bearing on a petitioner's veracity should not form the basis of an adverse credibility determination").

The BIA also noted that Vo first testified her mother came to her holding cell, but later clarified that her mother actually met her at "the gate where [she] was detained." But again, this slip-up hardly undermines Vo's account of her repeated arrests and violent interrogations. *See Ren*, 648 F.3d at 1087 ("[T]he mistakes that witnesses make in all innocence must be distinguished from slips that, whether or not they go to the core of the witness's testimony, show that the witness is a liar or [her] memory completely unreliable.") (citation omitted).

2.     Vo's declaration states she was arrested a second time "on approximately June 17, 2018," but she testified before the IJ that the second arrest took place on June 26, 2018. Such a minor discrepancy, which does not enhance Vo's claim of persecution, is an insufficient basis for an adverse credibility determination. *See id.* at 1085–86.

3.     Vo also testified that, during the second detention, Vietnamese police touched her breast. When the IJ asked Vo why she did not previously reveal the allegation in her asylum interview or declaration, Vo indicated she feared for her mother's safety in Vietnam: "Because if I say so my mom will go up there and complain and then they will hit my mom. They will beat my mom." The IJ then asked Vo how her mother, who was in Vietnam, would learn of the contents of her declaration. Vo explained she feared her family in the United States would receive the declaration and inform her mother.

Vo's omission of the assault does not support the adverse credibility determination for three reasons. First, Vo's failure to disclose the sexual assault prior to her hearing testimony was not a true inconsistency but rather a further elaboration of the abuse she suffered in custody. *Cf. Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010) (upholding an adverse credibility finding where the petitioners "omitted any mention of their participation in a demonstration that is the *entire basis* for their claim") (emphasis added). Second, the BIA relied on the IJ's finding that

Vo's "omission of such a significant fact [was] not reasonable, just because she hadn't told anybody before." That is not a proper basis for an adverse credibility determination. "We have previously held that the assumption that the timing of a victim's disclosure of sexual assault is a bellwether of truth is belied by the reality that there is often delayed reporting of sexual abuse." *Mousa v. Mukasey*, 530 F.3d 1025, 1027 (9th Cir. 2008) (internal quotation marks omitted). Finally, the BIA found that "[Vo] could not explain how her family would gain access to the information outlined in her declaration and asylum application." But this finding has no basis in the record; the IJ never asked Vo to explain how her family in America would obtain her declaration. Therefore, the alleged inconsistency cannot serve as substantial evidence for finding Vo not credible. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1091–92 (9th Cir. 2009) (holding that "inconsistencies cannot serve as substantial evidence for a finding [of adverse credibility] . . . when neither the IJ nor the BIA addressed [the applicant's] explanation in a reasoned manner") (internal quotation marks omitted); *Shrestha*, 590 F.3d at 1044, 1046.

For these reasons, we grant the petition and remand to the agency to reconsider Vo's credibility and, if warranted, her eligibility for asylum, withholding, and relief under CAT. The Government shall bear the costs on appeal.

**PETITION FOR REVIEW GRANTED; REMANDED.**

5                                                            19-72333

*Vo v. Barr*, No. 19-72333

BADE, Circuit Judge, dissenting:

I respectfully dissent. The agency's "credibility determinations are findings of fact," *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011), that "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," *id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). In my view, substantial evidence supports two of the bases relied upon by the BIA in affirming the IJ's determination that Vo was not credible. Because Vo fails to point to evidence sufficient to support her applications in the absence of her credible testimony, I would deny the petition. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

1.      Although the "mere omission of details [in an asylum application] is insufficient to uphold an adverse credibility finding," *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (quoting *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014)), the agency can make such a finding based on "omissions that are not 'details,' but new allegations that tell a 'much different—and more compelling— story of persecution than the initial application.'" *Id.* (brackets omitted) (quoting *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011)). That is what happened here.

In her testimony before the IJ, Vo added an entirely new allegation of persecution by the Vietnamese police that she had omitted from her sworn statement,

her credible fear interview, and the declaration that she prepared with her attorney and submitted to support her asylum application. For the first time, she alleged that one of the officers commented that she was likely a virgin and squeezed her breast. By adding this new allegation of sexual assault, Vo undoubtedly provided a "more compelling . . . story of persecution." *Id.* As we have recognized quite correctly, sexual assault may constitute persecution on its own. *See, e.g.*, *Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1072 (9th Cir. 2004). By including these allegations in her testimony, but not in her sworn statement, her credible fear interview, or her declaration, Vo created a more compelling account of persecution at the hearing. The agency was within its bounds to rely on this inconsistency to find Vo not credible. *Silva-Pereira*, 827 F.3d at 1185.

I disagree with the majority's reasons for rejecting the agency's finding. To my knowledge, we have never announced a rule that the omission of a sexual assault allegation cannot support an adverse credibility determination. Instead, we have held that the agency should excuse such an omission when the petitioner "provide[s] a compelling explanation for her failure to mention her [sexual assault] at an earlier time in the proceedings." *Mousa v. Mukasey*, 530 F.3d 1025, 1028 (9th Cir. 2008). For example, substantial evidence might not support an adverse credibility finding if the evidence demonstrated a "cultural reluctance to admit the fact that it had occurred." *Id.*; *see also Paramasamy v. Ashcroft*, 295 F.3d 1047, 1053 (9th Cir.

2

2002) ("[The petitioner] provided a strong, unrebutted explanation for her reluctance to reveal details—her cultural reluctance to tell male interviewers that she had been violated."). Vo did not provide a compelling explanation here.

Moreover, the agency offered a more-than-sufficient basis for rejecting the explanations Vo did offer. As it noted, Vo's omission was troubling because, "as opposed to the interviews at the border and with the [asylum officer]," Vo submitted her declaration after "careful preparation with her attorney." When questioned by the IJ about the omission, Vo explained: (1) she thought she could "present and say that at court," (2) she had never told anyone before, and (3) that she didn't want her mother to know. The agency rejected each explanation. As the IJ found, Vo's explanations did not account for such a significant omission, particularly in the context of her "careful[ly] prepar[ed]" declaration. And the BIA elaborated further, stating that Vo's explanations that "she was afraid that her mother and family may find out about the incident" and that "she thought she did not need to detail this incident" were not reasonable because of the detailed nature of her declaration.[1] Even if these explanations were plausible, the agency did not unreasonably reject them. *See Zamanov*, 649 F.3d at 974; *see also Kin v. Holder*, 595 F.3d 1050, 1057

---

[1] In contrast to my colleagues' interpretation of the record, the agency did not conclude that Vo's omissions were unreasonable "just because she hadn't told anybody before." Rather, the agency found that Vo's *explanation* for the omission—that "she hadn't told anybody before"—was not reasonable in light of the detailed nature of the rest of her affidavit.

3

(9th Cir. 2010) (concluding that the petitioner's explanation that he believed a particular incident would be discussed at a hearing was "not persuasive enough to compel the conclusion that the omissions [from his asylum application] were immaterial").

2.      I also would conclude that substantial evidence supports the agency's adverse credibility determination based on the inconsistencies between Vo's statements at her credible fear interview and her hearing testimony about the presence of her mother at the police station following her initial release from custody.  As the agency recounted, Vo's testimony about her mother at her hearings was very detailed.  She testified that (1) her mother came to the police station and begged for her release every day, (2) her mother filled out paper work at another location, (3) her mother came to her cell, (4) her mother didn't come to her cell, (5) her mother was waiting for her outside, (6) her mother took her home, and (7) the police gave her mother two options: "go back to where I was" or "stay in the city of Ho Chi Minh."  But a few months earlier at her credible fear interview, Vo made no mention of her mother's presence when she was released from custody and instead said she went home alone.  When asked to explain these inconsistent statements, Vo stated she did not remember her mother was there when she was released after the first arrest.  The agency rejected this explanation as implausible.

Given the detailed testimony she provided about her mother at the hearings,

which conflicted with her statements at her credible fear interview, I would find that substantial evidence supported the agency's conclusion. Moreover, this is not a case in which petitioner was asked to testify in detail about events that occurred long ago; Vo's credible fear interview occurred approximately six months after her initial arrest in Vietnam and she testified before the IJ only a few months after her credible fear interview. Thus, I cannot conclude that the record compels a conclusion contrary to the agency's.

\* \* \*

When reviewing adverse credibility determinations, our role is not to stand in the shoes of the BIA or IJ. Instead, we must ask whether the record *compels* a conclusion contrary to the agency's. I cannot say that it does. For that reason, I dissent.

5